1 ANDRÉ BIROTTE JR.
United States Attorney
2 ROBERT E. DUGDALE
Assistant United States Attorney
3 Chief, Criminal Division
WESLEY L. HSU (Cal. State Bar No.: 188015)
4 Assistant United States Attorney
Chief, Cyber and Intellectual
5 Property Crimes Section
    1200 United States Courthouse
6    312 North Spring Street
    Los Angeles, California 90012
7    Telephone: (213) 894-3045
    Facsimile: (213) 894-8601
8    E-mail:  wesley.hsu@usdoj.gov

9 Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-00260(A)-R |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR DETERMINATION THAT BAR OF 29 U.S.C. § 504(a) IN [SIC] INNAPLICABLE [SIC] TO DEFENDANT |
| v. | |
| JOHN J. ROMERO, | |
| Defendant. | |

Having considered the papers filed by the parties and oral argument heard on April 8, 2013, the Court hereby DENIES defendant John J. Romero's ("defendant") Motion For Determination That Bar of 29 U.S.C. § 504(a) in [sic] Innaplicable [sic] to Defendant. Title 29, United States Code, Section 504(a) ("Section 504(a)") prohibits persons convicted of offenses described in the statute from serving in various employments including positions with labor unions subject to the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 504. The Supreme Court has required that Section 504(a) be interpreted as a remedial statute protecting union members. See DeVeau v. Braisted, 363 U.S. 144 (1960). Consequently, courts have consistently held that Section 504(a) applies not only to the crimes expressly enumerated in Section 504(a), but also the "functional equivalent" of those crimes. See, e.g., United States v. Hughes, 964 F.2d 536 (6th Cir. 1992) (holding that Section 504(a) barred defendant convicted of violation of 18 U.S.C. § 1001); Kupau v. U.S. Dep't of Labor, 597 F. Supp. 2d 1113, 1121 (D. Haw. 2009) ("Employment disqualification is invoked by an individual's conviction of a crime which is the functional equivalent of one of the enumerated offenses in § 504."); Illario v. Frawley, 426 F. Supp. 1132 (D.N.J. 1977) (obtaining money from a business by false pretenses held functionally identical to grand larceny under Section 504(a)); Gillette v. United States, 444 F. Supp. 793 (S.D. Fla. 1976) (conspiracy to receive employer payments in violation of 29 U.S.C. § 186(a)(4) is equivalent to conspiracy to commit

"bribery" for purposes of Section 504(a)); <u>Hodgson v. Chain Service Restaurant, Luncheonette and Soda Fountain Emp. Union, Local 11</u>, 355 F. Supp. 180 (S.D.N.Y. 1973) (conviction under 29 U.S.C. § 186, "Restrictions on financial transactions," where labor union official received prohibited payments from employer is equivalent to listed crime of "bribery" for purposes of Section 504(a)); <u>Berman v. Teamsters Local 107</u>, 237 F. Supp. 767 (E.D.Pa. 1964) (union official's state conviction of conspiracy to cheat and defraud union found to be the equivalent of grand larceny under Section 504(a)); <u>Lippi v. Thomas</u>, 298 F. Supp. 242, 249 (M.D.Pa. 1969) (misapplication of bank funds, 18 U.S.C. § 656, was properly included within the offense of "grand larceny" in Section 504(a)); <u>Postma v. Teamsters Local 294</u>, 229 F. Supp. 655 (N.D.N.Y.) ("It is inescapable that the jury, by its verdict, must have found that he was guilty of extortion because it was an essential element of the crime and there was no other means or method by which the conspiracy was established."), <u>aff'd</u>, 337 F.2d 609 (2d Cir. 1964).

Here, defendant was convicted of violating 18 U.S.C. § 1001 based on material false statements, namely the under-reporting of union assets in a "Form LM-2" submitted to the United States Department of Labor ("USDOL"). As the Court held in <u>Hughes</u>, this violation of Section 1001 for false statements in a Form LM-2 is the functional equivalent of an enumerated crime in Section 504(a). <u>See</u> 29 U.S.C. § 439(b); <u>see also</u> 29 U.S.C. § 504(a) (applying bar to felonies "involving abuse or misuse of such person's position or employment in a labor organization . . . to seek or obtain an illegal gain at the expense of the members of

the labor organization . . . ."). Accordingly, the ban applies to defendant.

Moreover, because defendant failed to raise the length of the ban under Section 504(a) at the time of sentencing, the Court cannot and will not at this time reduce the 13-year ban.

IT IS SO ORDERED.

DATED: Apr. 9, 2013

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

ANDRÉ BIROTTE JR.
United States Attorney

_____/s/_____
WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section